**Alvin R. MOORE, Jr.,**
**Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden, Louisiana State Penitentiary, Angola, Louisiana, Respondent-Appellee.**

**No. 85–4706.**

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1985.

---

Jack & Hudsmith, Rebecca L. Hudsmith, Shreveport, La., for petitioner-appellant.

Henry N. Brown, Jr., Dist. Atty., Benton, La., for respondent-appellee.

Before GEE, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

It is ORDERED that petitioner's application for a certificate of probable cause and his motion for a stay of execution are denied.

The first issue raised in the petition concerns the exclusion from the jury of persons with scruples against the death penalty, resulting in a "death qualified jury." *See Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985) (en banc), *petition for cert. filed sub nom., Lockhart v. McCree, cert. granted*, ___ U.S. ___, 106 S.Ct. 59 (1985). This issue was squarely raised in petitioner's previous petition, and thus is a successive writ, disallowed under Rule 9(b), Rules Governing Section 2254 Cases. The issue was determined adversely to petitioner in the prior petition, the prior determination was on the merits, *Moore v. Maggio*, 740 F.2d 308 (5th Cir.1984), and the ends of justice would not be served by reaching the merits of this application. *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963); 28 U.S.C. § 2244. The second issue raised in the petition is the asserted prejudicial effect of the prosecutor's statements concerning appellate review in the prosecutor's closing argument, in light of the Supreme Court's recent decision in *Caldwell v. Mississippi*, ___ U.S. ___, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). The Court in *Caldwell* held that it is constitutionally impermissible to rest the death penalty on the determination of a sentencer who has been led to believe that responsibility rests elsewhere. We conclude that this issue also was raised in the previous petition, in which petitioner alleged that the Louisiana Supreme Court failed to consider adequately that the death penalty was imposed as a result of "passion, prejudice, and other arbitrary factors, including ... the injection of appellate review." 740 F.2d at 319 n. 10. Raised here for the second time, the issue is barred by Rule 9(b) and the principles enunciated in *Sanders*. We ruled in the previous petition that "the prosecutor's brief reference to appellate review [did not] diminish[ ] the jury's sense of responsibility for its sentence." 740 F.2d at 320. This pronouncement is consistent with the rule set forth in *Caldwell*. Alternatively, even if we were to conclude that this issue is being raised in this petition for the first time, we must deny it as an abuse of the writ, Rule 9(b). In *Jones v. Estelle*, 722 F.2d 159 (5th Cir. 1983) (en banc), we ruled that new claims in a successive petition must be dismissed if the failure to include them in a prior petition is an abuse of the writ. Claims must be included in the prior petition if a competent attorney should have been aware of the claims at the time of the prior petition. *Id.* at 169. That a competent attorney should have been aware of this claim is apparent from the Supreme Court's *Caldwell* opinion. *See* 105 S.Ct. at 2642.

SO ORDERED.