**Jerome BOWDEN, Petitioner-Appellant,**

v.

**Ralph KEMP, Warden,
Respondent-Appellee.**

No. 85-8796.

United States Court of Appeals,
Eleventh Circuit.

Oct. 12, 1985.

Bruce Steven Harvey, Harvey & Jarnigan, Atlanta, Ga., for petitioner-appellant.

Susan Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, HILL and FAY, Circuit Judges.

BY THE COURT:

The United States District Court for the Middle District of Georgia has dismissed petitioner's successive petition for the writ of habeas corpus and denied petitioner a certificate of probable cause to appeal. Presently pending is his petition for a certificate of probable cause and for his stay of execution pending appeal.

The petition presents only one issue involved in *Grigsby v. Mabry,* 758 F.2d 226 (8th Cir.1985), *cert. granted* sub nom. *Lockhart v. McCree,* —— U.S. ——, 106 S.Ct. 59, 87 L.Ed.2d —— (1985). In this Circuit, prior to and since *Grigsby,* we have rejected that contention. *See Jenkins v. Wainwright,* 763 F.2d 1390 (11th Cir.1985), *Martin v. Wainwright,* 770 F.2d 918 (11th Cir.1985), and *Smith v. Balkcom,* 660 F.2d 573, 575–84, (5th Cir. Unit B 1981), *modified,* 671 F.2d 858 (5th Cir. Unit B 1981), *cert. denied,* 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148.

Since granting certiorari in *Grigsby,* the Court has stayed executions in *Celestine v. Blackburn,* —— U.S. ——, 106 S.Ct. 31, 87 L.Ed.2d 707 (1985), and *Moore v. Blackburn,* 774 F.2d 97 (1985). It is asserted that these two stays by the High Court were granted because of the *Grigsby* issue involved in each of them; the orders granting those stays do not sufficiently advise us of the basis for them.

Under the precedent binding us in this Circuit, the District Judge's dismissal of the successive petition is correct and the petitions for certificate of probable cause and stay of execution are without merit. Were we to grant CPC and reach the merits of the proposed appeal on consideration of the petition for stay of execution, *See Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), we should be bound to affirm the district court. The grant of the writ of certiorari in *Grigsby* is no authority to the contrary; any implications to be drawn therefrom may be discerned by application to the Supreme Court.

The petition for certificate of probable cause is DENIED.

The petition for stay of execution is DENIED.