No. A–711 (85–6547).   HARICH *v.* WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL.   Sup. Ct. Fla. Application for stay of execution of sentence of death scheduled for Wednesday, March 19, 1986, presented to JUSTICE POWELL, and by him referred to the Court, denied.

JUSTICE POWELL, concurring.

The other capital case in which execution was scheduled for tomorrow is *James* v. *Wainwright, ante* this page.   I voted to grant a stay of execution in that case.   Both *James* and this case profess to present claims similar to that pending before the Court in *Lockhart* v. *McCree*, No. 84–1865.

This case, however, presents an issue different from *James* and one without merit.   In *James*, the *Lockhart* issue was at least ar-

guably presented when persons on the venire who expressed reservations as to capital punishment were removed by peremptory challenges. In this case, applicant "conced[ed] in this petition [before the Supreme Court of Florida] that at his trial 'no veniremen were excluded' during *voir dire*, either for cause or through peremptory challenge." *Harich* v. *Wainwright*, 484 So. 2d 1237 (1986). Similarly, before this Court applicant makes no allegation that persons on the venire were excluded during *voir dire* because of any objections to capital punishment.

Accordingly, my vote is to deny the application for a stay of execution.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant the application for stay and the petition for writ of certiorari, and vacate the death sentence in this case.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Four Justices of this Court have voted to defer consideration of the petition for certiorari accompanying this application for a stay pending our decision in *Lockhart* v. *McCree*, No. 84–1865. Applicant has raised a claim that would be directly affected by the decision in *McCree*. Although no prospective juror in this case was actually stricken because of expressed scruples against the death penalty, applicant alleges that the jurors' exposure to *voir dire* on their willingness to inflict the death penalty rendered them more likely to convict him. This is identical to a claim at issue in *McCree*. It is also identical to claims raised in *James* v. *Wainwright*, *ante*, p. 1074, and *Adams* v. *Wainwright*, *ante*, p. 1062, both of which were stayed by this Court, the former only hours ago. James, like applicant, relied solely on the jurors' exposure to death qualification; he nowhere claimed that the exclusion of jurors via peremptory strikes brought his case within the scope of *McCree*. See Pet. for Cert. in No. 85–6545, pp. 6–13. Although this Court has deferred consideration of numerous other petitions for certiorari pending our decision in *McCree*, and has issued stays of execution where necessary to permit this deferral, the Court inexplicably refuses to treat the case before us as we have treated these others.

More alarming is the Court's disregard of its own procedures in this case. Because at least three Justices have voted to defer consideration of the petition pending *McCree*, the Court has not, nor under its own procedures can it, dispose of the petition for certiorari. Thus, applicant is in the unusual and manifestly unfair position of facing execution before this Court has considered his petition. This Court has shown a bizarre willingness to ignore standard procedures as it pleases in order to bring about speedy executions. I can only lament this Court's own special contribution to the arbitrariness and freakishness that continues to characterize the implementation of the death penalty.

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

Because the Court has not yet acted on the petition for a writ of certiorari, I would stay applicant's execution until that petition is decided.