MARCH 20, 1986

No. A–721 (85–6557). JONES *v.* SMITH, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, ET AL. C. A. 11th Cir. Application for stay of execution of sentence of death scheduled for Friday, March 21, 1986, presented to JUSTICE POWELL, and by him referred to the Court, denied. JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application for stay.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant the application for stay and the petition for writ of certiorari, and vacate the death sentence in this case.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner is scheduled to be executed at 12:01 tomorrow morning. In his application for a stay and petition for writ of habeas corpus, he claims that the death-qualification of his jury and the consequent exclusion for cause of one prospective juror from

the panel because of her opposition to the death penalty deprived him of his right to an impartial jury and his right to a jury selected from a representative cross section of the community in violation of the Sixth and Fourteenth Amendments. A case raising an identical claim is now pending before this Court. *Lockhart* v. *McCree,* No. 84–1865.

The District Court denied the petition and denied a certificate of probable cause. It found that petitioner had abused the writ, that petitioner's claims were procedurally barred, and, in any event, that these claims were meritless. The Court of Appeals for the Eleventh Circuit denied petitioner's application for a certificate of probable cause and a stay of execution, finding his claims to lack merit. 772 F. 2d 668 (1985).

Three times in the past six months a stay of execution has been granted in virtually identical circumstances. See *Bowden* v. *Kemp,* 474 U. S. 891 (1985); *Moore* v. *Blackburn,* No. A–261 (85–5555), Oct. 4, 1985; *Celestine* v. *Blackburn,* 473 U. S. 938 (1985). In light of the disposition of those applications, I can see no justification whatever for the Court's action today. As I noted only two days ago: "I can only lament this Court's own special contribution to the arbitrariness and freakishness that continues to characterize the implementation of the death penalty." *Harich* v. *Wainwright, ante,* at 1076.