Arthur Lee JONES,
Petitioner-Appellant,

v.

Fred SMITH, Commissioner, Alabama
Department of Corrections and W.E.
Johnson, Warden, Nolman Unit, Re-
spondents-Appellees.

No. 86–7194.

United States Court of Appeals,
Eleventh Circuit.

March 20, 1986.

John Furman, Mobile, Ala., for petitioner-
appellant.

Ed Carnes, Asst. Atty. Gen., Montgom-
ery, Ala., for respondents-appellees.

Before RONEY, FAY and JOHNSON,
Circuit Judges.

**PER CURIAM:**

Petitioner Arthur Lee Jones is presently
scheduled for execution in Alabama on Fri-
day, March 21, 1986 at 12:01 A.M. He
appeals the district court's denial of a peti-
tion for writ of habeas corpus. Presently
pending are his petition for certificate of
probable cause and for stay of execution
pending appeal, both denied by the district
court.

Jones was previously before this Court
when denial of a prior petition for habeas
corpus relief was affirmed. *Jones v.
Smith*, 772 F.2d 668 (11th Cir.1985). The
United States Supreme Court denied certio-
rari on January 13, 1986.

Since then, the Circuit Court of Mobile
County has dismissed another *coram nobis*
petition, filed on January 14, 1986. On
March 13, 1986, the Alabama Supreme
Court denied petitioner's motion for a stay
of execution. The federal district court
entered its denial of relief on this second
petition for writ of habeas corpus on March
18, 1986.

In his habeas corpus petition, Jones rais-
es two issues: first, the one involved in
*Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.
1985), *cert. granted, sub nom. Lockhart v.
McCree*, — U.S. ——, 106 S.Ct. 59, 88
L.Ed.2d 48 (1985), concerning a death ori-
ented jury, and second, that certain prose-
cutorial argument made during the guilt
phase of the trial was improper.

I.

As to the *Grigsby* issue, at petitioner's
trial, a venireperson was struck for cause
because she expressed reservations about
capital punishment and noted her reluc-
tance to consider imposing the death penal-
ty. She did not indicate that her views
would prevent her from fairly judging guilt
or innocence.

This Court is in much the position it was
in *Bowden v. Kemp*, 774 F.2d 1494 (11th
Cir.1985). The Eleventh Circuit has con-
sistently rejected the contention accepted
by the Eighth Circuit in *Grigsby*. *Martin
v. Wainwright*, 770 F.2d 918, 938 (11th

Cir.1985); *Jenkins v. Wainwright,* 763 F.2d 1390, 1393 (11th Cir.1985); *Young v. Kemp,* 758 F.2d 514, 516 (11th Cir.1985); and *Smith v. Balkcom,* 660 F.2d 573, 575–84, *modified,* 671 F.2d 858 (5th Cir. Unit B 1982), *cert. denied,* 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148.

We have been unable to find any case in which this Court has stayed an execution pending appeal to this Court because of the *Grigsby* issue since that issue has been settled by our decisions.

We stated in *Bowden:*

Under the precedent binding us in this Circuit, the District Judge's dismissal of the successive petition is correct and the petitions for certificate of probable cause and stay of execution are without merit. Were we to grant CPC and reach the merits of the proposed appeal on consideration of the petition for stay of execution, *see Barefoot v. Estelle,* [463 U.S. 880, 103 S.Ct. 3383] 77 L.Ed.2d 1090 (1983), we should be bound to affirm the district court. The grant of the writ of certiorari in *Grigsby* is no authority to the contrary; any implications to be drawn therefrom may be discerned by application to the Supreme Court.

774 F.2d 1494 (11th Cir.1985).

We recognize that the Supreme Court of the United States has granted a stay in some cases involving the *Grigsby* issue. *See James v. Wainwright,* — U.S. —, 106 S.Ct. 1393, 89 L.Ed.2d 707 *stay granted* March 18, 1986; *Adams v. Wainwright,* — U.S. —, 106 S.Ct. 1371, 89 L.Ed.2d 598 *stay granted* March 6, 1986; *Bowden v. Kemp,* — U.S. —, 106 S.Ct. 213, 88 L.Ed.2d 182 *stay granted* October 14, 1985; *Moore v. Blackburn,* 774 F.2d 97, *stay granted* October 3, 1985; *Celestine v. Blackburn,* — U.S. —, 106 S.Ct. 31, 87 L.Ed.2d 707 *stay granted* September 26, 1985. To our knowledge, however, in none of those cases has certiorari been granted.

* *See, e.g., James v. Wainwright,* — U.S. —, 106 S.Ct. 1393, 89 L.Ed.2d 707 (1985); *Adams v. Wainwright,* — U.S. —, 106 S.Ct. 1371, 89 L.Ed.2d 598 (1986); *Bowden v. Kemp,* — U.S.

To date, the law in this Circuit, which has not been modified by Supreme Court decision, mandates a denial of relief to petitioner on this issue.

## II.

We find no merit in the prosecutorial argument claim. Aside from the abuse of the writ and procedural default problems, which appear to have been properly handled by the district court, we are convinced that it does not raise a substantial claim on which relief may be granted.

The petition for a certificate of probable cause and the petition for a stay of execution are DENIED.

JOHNSON, Circuit Judge, dissenting:

I am convinced that the Supreme Court's recent action on petitions for stay of execution in cases presenting *Grigsby* claims gives us unmistakable direction—direction that the majority declines to recognize—in determining whether a stay is warranted in *Grigsby* cases. I read that direction as requiring the grant of a stay in the instant case. Accordingly, I dissent.

The panel opinion notes that the Supreme Court has recently stayed executions in a number of cases presenting *Grigsby* claims.* Nevertheless, the majority hews to the holding of *Bowden v. Kemp,* 774 F.2d 1494 (11th Cir.1985), in which we observed that this Court does not know and may not infer the basis of these stays, and concludes again that we are thus bound by the law of this Circuit to affirm the district court on abuse of the writ grounds. This was true enough at the time *Bowden* was decided. However, what the majority does not emphasize is that two days after this Court on October 12, 1985, denied relief in the *Bowden* case, which presented only the *Grigsby* issue, the Supreme Court itself stayed Bowden's execution.

—, 106 S.Ct. 213, 88 L.Ed.2d 182 (1985); *Moore v. Blackburn,* 774 F.2d 97 (1985); *Celestine v. Blackburn,* — U.S. —, 106 S.Ct. 31, 87 L.Ed.2d 707 (1985).

That action by the high court, coupled with the Court's recent order denying a stay in a case raising another variation of the *Grigsby* claim, *Harich v. Wainwright,* —— U.S. ——, 106 S.Ct. 1392, 89 L.Ed.2d 707 (1986), should send us a clear message. *Harich* presented a situation in which petitioner did not allege that persons on the venire were excluded during voir dire for cause or through peremptory challenge because of any objections to capital punishment. *Jones*, in contrast, raises a straightforward *Grigsby* claim—a case in which a venireperson, Mrs. Summerall, was excused for cause on voir dire when she expressed reservations about imposing a death sentence. (Mrs. Summerall did not indicate that her views would prevent her from fairly judging guilt or innocence.) An affirmance of *Grigsby* by the Supreme Court in *Lockhart* would clearly favor petitioner's claim.

Justice Powell's concurrence to the Court's denial of stay in *Harich, id.* (Powell, J., concurring), indicates that this distinction is a crucial one. He writes:

> The other capital case in which execution is scheduled for tomorrow is No. A–710, *James v. Wainwright.* I voted to grant a stay of execution in that case. Both *James* and *Harich* profess to present claims similar to that pending before the Court in *Lockhart v. McCree,* No. 84–1865.
>
> This case, however, presents an issue different from *James* and one without merit. In *James*, the *Lockhart* issue was at least arguably presented when persons on the venire who expressed reservations as to capital punishment were removed by peremptory challenges. In this case, petitioner "conced[ed] in this petition [before the Supreme Court of Florida] that at his trial 'no veniremen were excluded' during *voir dire*, either for cause or through peremptory challenge." Opinion of Supreme Court of Florida 2. Similarly, before this Court petitioner makes no allegation that persons on the venire were excluded during *voir dire* because of any objections to capital punishment.

Accordingly, my vote is to deny the application for a stay of execution.

In my judgment, the Court has indicated clearly that *Jones* is precisely the sort of case in which a stay of execution should be forthcoming. I hold to this view not in derogation of the law of this Circuit in *Bowden*, but in the conviction that that law does not control in this situation. When the Supreme Court speaks, we are bound to listen.

Accordingly, I would grant a stay of execution pending the Court's decision in *Lockhart.*