486 So.2d 592 (1986)
David Livingston FUNCHESS, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
No. 68412.
Supreme Court of Florida.
April 17, 1986.
Andrew A. Graham of Reinman, Harrell, Silberhorn, Moule & Graham, Melbourne, and Larry Helm Spalding, Capital Collateral Representative, Mark E. Olive, Litigation Director and Michael A. Mello, Asst. Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Miami, for respondents.
ADKINS, Justice.
David Livingston Funchess petitions this Court for a writ of habeas corpus and requests a stay of execution. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We deny the petition for a writ of habeas corpus and the application for stay of execution.
In 1975, Funchess was convicted of two counts of murder in the first degree and sentenced to two consecutive sentences of death. We affirmed both convictions and sentence. Funchess v. State, 341 So.2d 762 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158 (1977), and after ordering resentencing in light of Gardner v. State, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), we affirmed the trial court's order resentencing Funchess to death. Funchess v. State, 399 So.2d 356 (Fla), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981). We have also affirmed the trial court's denial of post-conviction relief and denied Funchess' first petition for habeas corpus. Funchess v. State, 449 So.2d 1283 (Fla. 1984). The federal courts have similarly denied Funchess relief. Funchess v. *593 Wainwright, 767 F.2d 738 (11th Cir.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986).
The only allegation raised in the instant petition concerns the constitutionality of death-qualified juries. Petitioner asserts that the exclusion of jurors who could never vote to impose a sentence of death results in juries that are not representative of the community and conviction prone. This assertion is procedurally barred on two grounds. This issue is not properly before this Court because it was not raised previously on direct appeal, motion for post-conviction relief or the prior petition for habeas corpus. In Adams v. Wainwright, 484 So.2d 1211 (Fla. 1986), we held that the identical death-qualification claim was improperly raised in a habeas petition which followed a direct appeal and a motion for post-conviction relief. In so holding we noted that "a petition for habeas corpus is not to be used as a vehicle for obtaining a second appeal." At 1213 (citations omitted). The same rationale applies in this case.
The allegation regarding the constitutionality of a death-qualified jury is procedurally barred because counsel failed to object to the death-qualification process at trial. Thomas v. Wainwright, 486 So.2d 574 (Fla. 1986). Further, even if we were to conclude that the trial court erred by impaneling a death-qualified jury the error would not be fundamental and counsel's failure to object would be fatal. Thomas. See also Steinhorst v. Wainwright, 477 So.2d 537 (Fla. 1985).
Although we need not address the merits of petitioner's claim it is worth noting that we have previously rejected the argument that death-qualified juries are not representative of the community and conviction prone. Dougan v. State, 470 So.2d 697 (Fla. 1985); Witt v. State, 465 So.2d 510 (Fla. 1985); Caruthers v. State, 465 So.2d 496 (Fla. 1985). The statistical evidence provided by petitioner fails to persuade us to depart from our prior holdings. See Kennedy v. Wainwright, 483 So.2d 424 (Fla. 1986).
Petitioner contends that this Court is obligated to grant a stay of execution because the United States Supreme Court has decided to review a case that held that death-qualified juries are not representative of the community and conviction prone, Grigsby v. Mabry, 758 F.2d 226 (8th Cir.) (en banc), cert. granted sub. nom, Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985), and the United States Supreme Court has granted stays of executions to all cases in which the death-qualification issue is properly presented. See e.g., Davidson v. Wainwright, ___ U.S. ___, 106 S.Ct. 1393, 89 L.Ed.2d 707 (1986); Adams v. Wainwright, ___ U.S. ___, 106 S.Ct. 1371, 89 L.Ed.2d 598 (1986); Kennedy v. Wainwright, ___ U.S. ___, 106 S.Ct. 1065, 89 L.Ed.2d 288 (1986); Celestine v. Blackburn, ___ U.S. ___, 106 S.Ct. 31, 87 L.Ed.2d 707 (1985). Petitioner's argument fails for two reasons. First, in none of the aforementioned decisions did the United States Supreme Court indicate that a stay of execution had been granted on the Lockhart issue. We refuse to accept an argument premised on pure speculation. Second, the United States Supreme Court recently denied an application for stay of execution filed by Daniel Morris Thomas despite the fact that the Lockhart issue was raised by Thomas in his earlier proceedings. Thomas v. Wainwright, ___ U.S. ___, 106 S.Ct. 1623, 90 L.Ed.2d 173 (1986).
Even were we to agree with petitioner's contention that death-qualified juries violate a defendant's constitutional right to trial by a representative jury and are conviction prone, the record in this case does not provide a factual basis for relief. The prosecution peremptorily challenged prospective juror Dennis and the court excused prospective juror Stevens for cause. The prosecutor's rationale behind the challenge of juror Dennis cannot be surmised from the record. However, a factual basis to support a claim of prejudice induced by a death-qualified jury is lacking even if we *594 were to assume that juror Dennis was challenged because of her views on capital punishment. This is so because the Grigsby holding only prevents the state from challenging death penalty opponents for cause and does not extend to peremptory challenges. Adams.
Juror Stevens was excluded for cause only after he indicated that he could not convict an accused of first-degree murder if he knew that the accused would possibly face the death sentence upon conviction. Thus, juror Stevens could properly be removed for cause under the standards set forth in Wainwright v. Witt, ___ U.S. ___, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985), even if we were to accept petitioner's assertion that jurors who could never vote to sentence a defendant to death should nevertheless be allowed to sit as jurors during the guilt phase of the trial. Thomas. Clearly, prospective juror Stevens' views on capital punishment would prevent him from performing as an impartial juror during the guilt phase of the trial.
Petitioner's final contention in regard to death-qualified juries is that the trial judge's power to override the jury's recommendation makes death qualification before trial unnecessary. This contention is without merit.
We deny both the petition for habeas corpus and the application for a stay of execution.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.