No. 85–5555. MOORE *v.* BLACKBURN, WARDEN. C. A. 5th Cir. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

The petitioner in this case was sentenced to death by a jury that was "led to believe that the responsibility for determining the appropriateness of [his] death rests elsewhere," *Caldwell* v. *Mississippi*, 472 U. S. 320, 329 (1985). Under our recent decision in *Caldwell*, petitioner's sentence cannot stand unless this error "had no effect on the sentencing decision," *id.*, at 341, a point the courts below did not consider and the State does not contest here. I would therefore grant the petition for certiorari, vacate the District Court's judgment, and remand for reconsideration in light of *Caldwell*.

At the penalty phase of petitioner's trial, the prosecutor argued:

"And it's a tough thing to ask, but there is only one penalty really available for this type of crime and that is the death penalty. This is where it will begin. From the next point forward it goes through the court system to be thoroughly reviewed and checked, through every court in this land. But it has to begin here, right here with the jury." App. to Pet. for Cert. 10; *State* v. *Moore*, 414 So. 2d 340, 347 (La. 1982).

On direct appeal to the Louisiana Supreme Court, petitioner argued that these statements had injected passion, prejudice, or other arbitrary factors into the sentencing determination. That court, while admitting that the prosecutor's argument was "close to reversible error," *ibid.*, concluded that the argument had not diminished the jury's sense of responsibility for its sentencing decision. The Fifth Circuit, reviewing the District Court's rejection of the same claim in petitioner's first federal habeas petition,

reached the same conclusion. *Moore* v. *Maggio*, 740 F. 2d 308, 320 (1984). Subsequently, this Court decided *Caldwell*, and petitioner filed a second habeas petition claiming that the prosecutor's argument violated the Eighth Amendment as construed in our decision in that case.

The District Court denied this petition, and the Court of Appeals denied a certificate of probable cause. 774 F. 2d 97 (1985). The latter court held that the *Caldwell* claim had been raised in petitioner's first application, and was therefore barred by Rule 9(b) of the Rules Governing Section 2254 Cases, and by the principles enunciated in *Sanders* v. *United States*, 373 U. S. 1 (1963). The court also concluded that its prior determination that the prosecutor's argument had not diminished the jury's sense of responsibility, see 740 F. 2d, at 320, was "consistent with the rule set forth in *Caldwell.*" 774 F. 2d, at 98. Even had the *Caldwell* claim not been raised previously, the court held, it would have denied that claim as an abuse of the writ, because a competent lawyer would have been aware of the possibility of such a claim.

The Court of Appeals was mistaken in believing that its prior pronouncement that the jury's sense of responsibility was not diminished disposed of the *Caldwell* claim. The prosecutor's argument in this case is essentially identical to the argument held unconstitutional in *Caldwell.* The lesson of *Caldwell*, at a minimum, is that a misleading or incomplete statement concerning appellate review of a death sentence *necessarily* diminishes the jury's sense of responsibility. In the present case, no less than in *Caldwell*, the jury may have "harbor[ed] misconceptions about the power of state appellate courts or, for that matter, *this* Court to override a jury's sentence of death." 472 U. S., at 342 (O'CONNOR, J., concurring in part and concurring in judgment). Under those circumstances, we cannot be confident that the jury did not conclude that the ultimate responsibility for petitioner's fate rested elsewhere.

This case, then, falls squarely within the "ends of justice" exception to the general rule forbidding successive assertions of the same claim on habeas, see *Sanders, supra*, at 16–17. In *Sanders*, this Court held that "[i]f purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law." 373 U. S., at 17. *Caldwell* constitutes an intervening change in the law concerning the precise argument used by the prosecutor in this case—a change that re-

quires reexamination of the Court of Appeals' earlier conclusion about the effect of that argument on the jury. The clear import of *Sanders* is that petitioner is entitled to present his claim to the federal courts, and I therefore dissent from the denial of certiorari.