Alvin R. MOORE, Jr.,
Petitioner-Appellant,

v.

Hilton BUTLER, Warden, Louisiana
State Penitentiary, Angola,
Respondent-Appellee.

No. 87–4419.

United States Court of Appeals,
Fifth Circuit.

June 6, 1987.

Rebecca L. Hudsmith, Jack & Hudsmith, Shreveport, La., for petitioner-appellant.

Henry N. Brown, Dist. Atty., Benton, La., for respondent-appellee.

Before GEE, POLITZ and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

Petitioner Alvin R. Moore, Jr., applies for a certificate of probable cause to authorize the appeal to this court from a judgment of the district court denying his fourth petition for a writ of habeas corpus, and moves for a stay of execution pending disposition of his appeal. We deny Moore's application for a certificate of probable cause and his motion for a stay of execution.

## I.

Moore was convicted of first-degree murder and condemned to death in 1980. On direct appeal, the Supreme Court of Louisiana affirmed Moore's conviction and death sentence. *State v. Moore*, 414 So.2d 340 (La.1982), *cert. denied*, 463 U.S. 1214, 103 S.Ct. 3553, 77 L.Ed.2d 1399 (1983). Moore has unsuccessfully filed three federal habeas petitions. *Moore v. Maggio*, 740 F.2d 308 (5th Cir.1984), *cert. denied*, 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985); *Moore v. Blackburn*, 774 F.2d 97 (5th Cir. 1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 2904, 90 L.Ed.2d 990 (1986); *Moore v. Blackburn*, 806 F.2d 560 (5th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1988, 95 L.Ed.2d 827 (1987). Since the factual and procedural history of Moore's case is adequately reported in our previous decisions, we do not repeat that history here.

In the course of his three previous petitions for habeas relief, Moore has unsuccessfully raised each of the following grounds of relief at least once:

(1) He received ineffective assistance of counsel at the guilt phase of his trial;

(2) He received ineffective assistance of counsel at the penalty phase of the trial;

(3) The Louisiana Supreme Court failed to engage in a meaningful appellate review designed to ensure that death was the appropriate sentence;

(4) One of the three aggravating circumstances found by the jury was unsupported by the evidence;

(5) The trial court's exclusion of jurors who were unambiguously opposed to imposing the death penalty resulted in a biased and unfair jury;

(6) The trial court gave the jury inadequate instructions concerning imposition of the death penalty; and

(7) The death penalty in Louisiana, as well as in the United States, is applied in a racially discriminatory and arbitrary manner.

On June 5, 1987, Moore filed his fourth petition for habeas relief and motion for stay of execution in the United States District Court for the Western District of Louisiana. His motion for stay of execution set out three bases for relief. First, Moore presented a variation of his earlier arguments that his trial counsel provided uncon-

stitutionally ineffective assistance as to the sentencing phase of his trial: trial counsel's failure to expose the operative influence upon the all-white jury of the racial prejudice predominant in Moore's parish, particularly counsel's omissions during the voir dire of the jury, when combined with the other defects detailed by Moore in his previous petitions, renders the sentencing phase of his trial constitutionally infirm. Second, Moore argues that the sentencing phase of his trial was tainted by the jury's consideration of an aggravating circumstance that was also an essential element of the underlying crime, thereby rendering the sentence arbitrary and capricious in violation of his eighth and fourteenth amendment rights. Third, the sentencing phase of his trial was rendered constitutionally insufficient by the trial judge's failure adequately to instruct the jury as to its option to recommend against the imposition of a death sentence.

The district court, in a careful opinion, denied Moore's writ application and also denied him a stay of execution. The court found Moore's present application to be a successive petition that abused the writ of habeas corpus, and also found that Moore had not made the requisite substantial showing of the denial of a federal right that would entitle him to relief.

Before this court, Moore raises the same arguments he advanced in the district court. We agree with the district court that Moore's application constitutes an abuse of the writ. Although we need not make any further determination, nevertheless we find Moore's underlying contentions to be without merit. We deny his application for a certificate of probable cause to appeal the district court's decision and the accompanying motion for a stay of execution.

## II.

■ As a general rule, a court of appeals should issue a certificate of probable cause if the petitioner has made "a 'substantial showing of the denial of [a] federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)

(quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)). To make the required showing, the petitioner " 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.' " *Id.* n. 4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D. Ga.1980) (emphasis in original)). "In a capital case, the nature of the penalty is a proper consideration in determining whether to issue a certificate of probable cause, but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate." *Id.*

■ "Second and successive federal habeas corpus petitions present a different issue. .... Title 28 U.S.C. § 2254 Rule 9(b) states that 'a second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief ... [or if] the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.' " *Id.* at 895. A petitioner's failure to raise a ground for relief in a previous habeas petition amounts to an abuse of the writ if he withheld it without legal excuse when he filed his earlier petition. *Jones v. Estelle*, 722 F.2d 159, 163 (5th Cir.1983) (en banc), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). On the other hand, "[a] petitioner may in a successive petition assert a new claim based on facts or legal theories about which he had no knowledge when prosecuting his prior habeas petition." *Id.* (footnote omitted). When the petitioner was represented on the prior petition by competent counsel, he is held to possess the knowledge of potential grounds of relief that is chargeable to his counsel. *Id.* at 167.

In its response to Moore's writ application and motion for a stay of execution, the State pled that Moore's application abused the writ, and identified with sufficient particularity the grounds for relief that it contended had already been raised in Moore's previous writ history. *Cf. id.* at 164

(government has burden of pleading abuse of writ by noting prior writ history and sorting out new claims from grounds previously raised). The burden therefore passed to Moore of " 'answering that allegation and of proving ... by a preponderance of the evidence ... that he has not abused the writ.' " *Id.* (quoting *Price v. Johnston,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948)) (emphasis omitted).

■ Moore failed to carry that burden. Moore does not raise a single issue based on facts or legal theories about which his counsel could not have known at the time his previous petitions were filed. Further, Moore attempts no showing that counsel was in fact unaware of these claims when the earlier petitions were filed, and offers no other explanation for his failure to raise those claims at that time. Moore's present habeas application constitutes an abuse of the writ, and therefore does not "reflect the presence of substantial grounds upon which relief might be granted." *Barefoot,* 463 U.S. at 895, 103 S.Ct. at 3396.

Although there is no necessity for doing so, we go on to examine Moore's contentions. As noted above, Moore's first ground for relief in the habeas application *sub judice* is that the sentencing phase of his trial was tainted by the discriminatory application of the death penalty in the context of his interracial case and the racial prejudices of the parish in which he was tried, which his ineffective trial counsel allowed to freely "operate" during Moore's trial. As the district court pointed out, this argument ingeniously forges a "new" argument out of two grounds advanced and rejected in previous petitions: the *"McCleskey"* argument, see *Moore v. Blackburn,* 806 F.2d at 563–65, and the ineffective assistance of counsel argument. The asserted ground for relief relies upon the Supreme Court's recent decision in *Turner v. Murray,* 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986), and we pause to consider that aspect of Moore's argument.

■ In *Turner,* the Court held that "a capital defendant accused of an interracial crime is entitled to have prospective jurors informed of the race of the victim and questioned on the issue of racial bias." *Id.* at 1688 (footnote omitted). The *Turner* decision does not directly support Moore's argument because the Court went on to clarify that "a defendant cannot complain of a judge's failure to question the venire on racial prejudice unless the defendant has specifically requested such an inquiry." *Id.* No such request was ever put to the judge who oversaw the selection of the jury for Moore's trial. Moore argues, however, that, given his parish's history of racial discrimination against blacks and the interracial nature of his crime, trial counsel's failure to ask a single question during voir dire as to racial prejudice amounted to ineffective assistance of counsel. In support of this claim, Moore attached the affidavits of several residents of his parish attesting that racial prejudice existed in that parish.

■ We find, as did the court below, that Moore's proffer was insufficient to warrant a hearing on this question. First, we hold that the combination of a local history of racial discrimination and an interracial crime, without more, does not mean that trial counsel is deficient in failing to investigate on voir dire the possible racial prejudice of veniremen. *Cf. id.* n. 10 ("Justice POWELL contends that inquiry into racial prejudice 'in the absence of circumstances that make clear a need for it could well have the negative effect of suggesting to the jurors that race somehow is relevant to the case.' Whether such a concern is purely chimerical or not is a decision we leave up to a capital defendant's counsel."). Further, Moore has failed to allege or explain how counsel's "colorblind" (as he styles it) approach during voir dire prejudiced his case, other than by pointing out that he was tried by an all-white jury. Assuming *arguendo* that counsel's voir dire performance was constitutionally deficient, Moore has not come close to showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d

674 (1984). We agree with the district court that Moore has not presented here a question that is "adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3394 n. 4.

Moore's second argument, that the sentencing phase of his trial was tainted by the jury's consideration of an aggravating circumstance that was also an essential element of the underlying crime, is also without merit. In *Wingo v. Blackburn*, 783 F.2d 1046, 1051 (5th Cir.1986), *cert. denied*, ___ U.S. ___, 107 S.Ct. 1984, 95 L.Ed.2d 823 (1987), a panel of this court decided this very issue contrary to Moore's contentions. Bound by the decision of our prior panel, we must find again that Moore has failed to make a substantial showing of the denial of a federal right.

▮ In his final asserted ground for relief, Moore argues that the trial judge failed adequately to instruct the jury as to its option to recommend against the imposition of a death sentence.[1] We approved this same instruction, albeit in a different context, in our review of Moore's first federal habeas petition. *Moore v. Maggio*, 740 F.2d 308, 319 (5th Cir.1984) (reviewing, under prejudice prong of *Strickland v. Washington's* ineffective assistance of counsel standard, extent to which jury instruction expressed requirement of unanimous verdict); *see also Baldwin v. Blackburn*, 653 F.2d 942, 952–53 (5th Cir. Unit A Aug. 1981) (reviewing, under eighth and fourteenth amendments, extent to which jury instruction expressed requirement of unanimous verdict), *cert. denied*, 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982). Rereading the instruction as a whole, in the context of Moore's present contention, we are convinced that the instruction adequately apprised the jury of its option not to recommend the death sentence. Moore's reliance on *Moore v. Kemp*, 809 F.2d 702

(11th Cir.1987) (en banc), is misplaced. The jury instruction at issue in that case, which was held to be "contradictory and confusing as to the jury's function if it determined that an aggravating circumstance was present," *id.* at 733, contained, *inter alia*, an instruction that if an aggravating circumstance was found, "the form of your verdict would be ... death." *Id.* The instruction at issue in this case is not similarly infirm. Again, we find that Moore has not made a "substantial showing of a denial of a federal right," and therefore do not find that the ends of justice would be served by full consideration of his appeal.

### III.

For the reasons discussed above, it is ORDERED that the application for a certificate of probable cause and the motion for a stay of execution are DENIED. The mandate shall issue forthwith.

---

1. The portion of the jury charge challenged by Moore reads as follows:

   You are required to consider the existence of aggravating and mitigating circumstances in deciding which sentence should be imposed .... If you find beyond a reasonable doubt that any of the statutory aggravating circum-

stances existed *you may consider* imposing a sentence of death.... Even if you find the existence of an alleged aggravating circumstance you *must also consider* any mitigating circumstances before you decide that a sentence of *death should be imposed.*
(emphasis added by Moore).