Joseph **MULLIGAN**,
Petitioner-Appellant,

v.

Ralph **KEMP**, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellee.

No. 87–8351.

United States Court of Appeals, Eleventh Circuit.

May 14, 1987.

James K. Jenkins, Maloy, Sadow and Jenkins, Bruce Maloy, Atlanta, Ga., for petitioner-appellant.

Michael J. Bowers, Atty. Gen., of Ga., William B. Hill, Jr., Staff Asst. Atty. Gen., Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before RONEY, Chief Judge, and HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner, Joseph Mulligan, convicted of murder and sentenced to death, filed a petition for writ of habeas corpus pursuant to § 2254, together with a motion for stay of execution now set for Friday, May 15, 1987, at 7:00 p.m. State proceedings have been exhausted.

The respondent State of Georgia filed responsive pleadings in which it pled abuse of the writ. The district court denied relief, finding that this was a successive habeas petition and that all six grounds asserted in the present petition constituted an abuse of the writ. The district court denied a certificate of probable cause but granted leave to appeal in forma pauperis.

Of the six grounds alleged as a basis for relief in this petition for writ of habeas corpus, three were asserted in the prior petition, and three are so-called "new" grounds, not previously asserted. After thoroughly reviewing all papers filed in the state courts and in the federal district court and after extended oral argument before this panel, this court denies the motion for certificate of probable cause.

On four of the issues this court concurs in the district court's decision that the claims for relief should be dismissed as an abuse of the writ. These grounds are as follows:

I. The misleading and incomplete felony murder instruction amounted to a judicially created amendment violating petitioner's Fourteenth and Sixth Amendment rights.

■ This claim was not raised in petitioner's prior habeas petition and the state having pled an abuse of the writ, the petitioner failed to show why assertion of the ground in this petition does not constitute an abuse of the writ. The ends of justice do not require consideration of this claim on this petition.

II. The Muscogee County grand and traverse jury system which indicted, convicted and sentenced petitioner to death unconstitutionally underrepresented black and female citizens.

■ This issue was raised in the prior federal petition for writ of habeas corpus, decided contrary to the petitioner's arguments by the district court, and not appealed to this court. Thus the petitioner has obtained a ruling on the merits on this issue and asserting it again in this second petition constitutes an abuse of the writ. Again petitioner has failed to show that the ends of justice would be served by reconsideration on the merits.

III. The introduction of morgue photographs of the deceased served no purpose other than to inflame the passions of the jury in violation of the Sixth, Eighth and Fourteenth Amendments.

This is a new issue which must be examined under Rule 9(b), Rules Governing Section 2254 Cases. Contrary to the petitioner's argument, this court does not read *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), as providing any new law basis for consideration of this claim. The claim was properly dismissed as an abuse of the writ and the ends of justice do not require it to be considered here. Petitioner argues that a case upon which certiorari has been granted by the United States Supreme Court presents the same issue, *Thompson v. Oklahoma*, — U.S. —, 107 S.Ct. 1284, 94 L.Ed.2d 143. Petitioner concedes, how-

ever, that there is no decided case upon which to pass a new law claim.

IV. The sentencing phase jury instructions were constitutionally defective because they failed to specifically and explicitly instruct the jury that it had an option to recommend a life sentence notwithstanding a finding of a statutory aggravating circumstance.

■ This claim was asserted in petitioner's prior federal petition for writ of habeas corpus, but he did not appeal. Thus, petitioner had an adjudication on the merits and reassertion of the claim in a successive petition constitutes an abuse of the writ without a showing of either new law or new facts. We disagree with petitioner's argument that new law on the issue was established in the en banc decision of this court in *Moore v. Kemp*, 809 F.2d 702 (11th Cir.1987) (en banc). *Spivey v. Zant*, 661 F.2d 464 (5th Cir. Unit B 1981).

Although the district court denied the petition on the other two grounds asserted on the basis of abuse of the writ, the merits of the issues are easily considered and decided without relying on an abuse of the writ ground.

I. The penalty phase jury instructions unconstitutionally diminished the jury's sense of responsibility for its sentence under *Caldwell v. Mississippi*.

■ This issue was raised in the prior petition, but petitioner claims that *Caldwell v. Mississippi* established new law applicable to the claim which requires its consideration here. This claim involved the instructions to the jury. A reading of the instructions clearly indicates that the jury's sense of responsibility for its sentence was in no way diminished and the instructions were not unconstitutional under *Caldwell*. Although the district court used the word "recommend" as to what the jury was to do concerning the death sentence or a life sentence, it specifically instructed the jury that it was required to sentence the defendant to death if that was its recommendation. At the end of the instruction, in instructing the jury as to the form of the verdict, the judge said:

Now, members of the jury, the form of your verdict fixing punishment, with respect to each count of murder, would be one of the following: "We the jury find the following statutory aggravating circumstances," listing what aggravating circumstances you find, if you find one of them to exist, "and we recommend the death penalty." That verdict would mean that the defendant would be sentenced to death by electrocution.

Or, "We the jury do not recommend the death penalty." Should this be your verdict, then the Court would sentence the defendant to life imprisonment.

These instructions fully comply with the requirement that the jury understand its responsibility for a death sentence.

II. The jury in petitioner's case was never properly instructed that their verdicts in each phase of the trial must be unanimous.

■ Although the trial court never used the word "unanimous" in its instructions, it was clear that the jury was told that it could not return a less than unanimous verdict because the court said:

Now, upon retiring to the jury room, you will select one of your number to act as foreman or forelady who will preside over your deliberations, and who will sign the verdict to which all twelve of you freely and voluntarily agree.

In addition, when the jury returned its verdict, defense counsel declined the court's invitation to poll the jury.

Having fully considered all arguments made to the court, the certificate of probable cause is DENIED and the motion for stay of execution set for 7:00 p.m. on Friday, May 15, 1987, is DENIED.