828 F.2d 662
 Wayne E. RITTER, Petitioner-Appellant,
v.
Morris THIGPEN, Commissioner, Alabama Department of
Corrections, and Willie Johnson, Warden, Holman
Unit, Respondents-Appellees.
 No. 87-7517.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 27, 1987.
 
 David A. Bagwell, John Bertolotti, Jr., Mobile, Ala., for petitioner-appellant.
 Don Siegelman, Atty. Gen. of Ala., Ed Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before RONEY, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case comes before the court on a motion for certificate of probable cause to appeal from a denial of Wayne E. Ritter's second petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, in this death penalty case, and to stay the execution presently set for 12:01 a.m., Friday, August 28, 1987.
 
 
 2
 Petitioner was tried and convicted of capital murder and sentenced to death in 1977 in an Alabama state court. The procedural history of this case has, in part, been set forth in opinions of numerous courts during the review process encompassing a number of years. See, e.g., Ritter v. State, 429 So.2d 928, 931-32 (Ala.1983); Ritter v. Smith, 568 F.Supp. 1499 (S.D.Ala.1983), aff'd in part and rev'd in part, Ritter v. Smith, 726 F.2d 1505 (11th Cir.1984), cert. denied, 469 U.S. 869, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984).
 
 
 3
 Petitioner filed his first habeas corpus petition and application for stay of execution on May 5, 1983. Following an evidentiary hearing on August 11, 1983, the district court entered judgment denying this habeas corpus petition. Ritter, 568 F.Supp. at 1525. On February 27, 1984, the Eleventh Circuit Court of Appeals affirmed the judgment in all respects, except that it held petitioner was entitled to a new sentencing hearing. That decision was based on the decision that the statute under which petitioner had been sentenced to death was facially unconstitutional. Ritter v. Smith, 726 F.2d 1505 (11th Cir.), cert. denied, 469 U.S. 869, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984). Pursuant to the Eleventh Circuit's mandate, the district court issued an order on December 3, 1984 conditionally granting the writ unless the state resentenced petitioner within a reasonable period of time. Thereafter, and before the state had resentenced Ritter, the Supreme Court granted certiorari in Baldwin v. Alabama, 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984), on the same facial constitutionality issue upon which the Eleventh Circuit had ordered relief. The Supreme Court ultimately upheld the facial constitutionality of the sentencing statute. Baldwin v. Alabama, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985).
 
 
 4
 As a result of the Baldwin decision, the district court, on March 5, 1986, granted the State Rule 60(b)(6) relief, set aside its earlier order conditionally granting the writ, and entered an order denying petitioner's May 5, 1983 habeas petition with prejudice. This order was subsequently affirmed by this court. Ritter v. Smith, 811 F.2d 1398 (11th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987).
 
 
 5
 On June 22, 1987, the state filed a motion in the Alabama Supreme Court asking it to set a new execution date for petitioner, who filed nothing in opposition. On July 7, 1987, the Alabama Supreme Court entered an order setting petitioner's execution for August 28, 1987. Although petitioner filed nothing in state court since his last certiorari petition was denied by the Supreme Court on June 22, 1987, the state has indicated in its answer to this second federal petition, filed on August 24, 1987, accepted by the district court, that the state waived any exhaustion of state remedies defense and any procedural bar defense it might have. Thompson v. Wainwright, 714 F.2d 1495 (11th Cir.1983), cert. denied, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984). Although the petition was originally filed pro se, the district court appointed two attorneys to represent petitioner. The case was argued in the district court on two issues raised by the petitioner as grounds for habeas relief: (1) that it is unconstitutional to have an element of the crime used a second time and double counted as an "aggravating factor", sometimes called the Lowenfield issue, Lowenfield v. Phelps, 817 F.2d 285 (5th Cir.1987); and (2) ineffective assistance of counsel because counsel yielded to defendant's insistence that the jury not be asked to give a life sentence, rather than a death sentence. The district court concluded that the petitioner was not entitled to habeas corpus relief, that his petition was due to be dismissed with prejudice, and that his motion for a stay of execution was due to be denied.
 
 
 6
 This appeal followed, all papers filed in the district court were presented to this court, together with appropriate motions and supporting memoranda, and oral argument was heard on August 26, 1987.
 
 I. Lowenfield Issue
 
 7
 Petitioner was convicted of the capital offense of robbery when the victim was intentionally killed, in violation of the Ala. Code Sec. 13A-5-40(a)(2) (1975). At a sentence proceeding conducted without a jury, the trial court found four separate aggravating circumstances.
 
 
 8
 (a) The court finds that the capital felony was committed by Mr. Ritter while he was under sentence of imprisonment although he was serving the remainder of his sentence on parole at the time;
 
 
 9
 (b) The court finds that Mr. Ritter has been previously convicted of another felony involving the use or threat of violence to the person; to-wit: the offense of robbery;
 
 
 10
 (c) The court finds that Mr. Ritter has knowingly on approximately thirty-nine previous occasions created a great risk of death to many persons;
 
 
 11
 (d) The court finds that the capital felony was committed while Mr. Ritter was an accomplice in the commission of a robbery.
 
 
 12
 Evans (and Ritter) v. State, 361 So.2d 654, 664-665 (Ala.Cr.App.1977), aff'd, 429 So.2d 928 (Ala.1983). See Ala. Sec. Code 13A-5-49(1)-(4) (1975).
 
 
 13
 Petitioner claims that the overlap of the fourth statutory aggravating circumstance with the capital offense definition violates constitutional due process. The district court held this claim was barred by the abuse of the writ doctrine, was contrary to binding Eleventh Circuit precedent, and that the Supreme Court's grant of certiorari in Lowenfield v. Phelps, --- U.S. ----, 107 S.Ct. 3227, 97 L.Ed.2d 734 (1987), did not justify a certificate of probable cause or a stay of execution.
 
 
 14
 Prior to the filing of this habeas corpus petition, petitioner's case had been before the Alabama Court of Criminal Appeals twice, before the Alabama Supreme Court five times, before the United States Supreme Court five times, and before the district court and the Eleventh Circuit Court of Appeals twice each. Petitioner has never before raised any claim concerning the overlap of the capital offense definition with one of the statutory aggravating circumstances.
 
 
 15
 Petitioner raised ten claims in his 1983 federal habeas corpus petition. See Ritter v. Smith, 568 F.Supp. 1499 (S.D.Ala.1983). In the district court's scheduling order, counsel for petitioner was given time in which to amend his petition to
 
 
 16
 aver each and every ground that he can conceivably think of that can be asserted under the conditions prevailing in this factual situation that are within the law on which to attack the constitutionality of the Alabama death statute or the incarceration of Wayne Ritter, and any proceedings held therein. If counsel for Mr. Ritter declines to follow the orders and directions of this court in this regard then, by such declination, they will thereby be presumed to have deliberately waived the rights to any such proceedings on any such actions in the future. See Rule 9(b), Rules Governing Cases Brought Under 28 U.S.C. Sec. 2254.
 
 
 17
 No amendment was filed to raise any additional claims. See Ritter v. Smith, 568 F.Supp. 1499, 1502 (S.D.Ala.1983).
 
 
 18
 Once abuse of the writ has been pleaded by the state, the burden shifts to the petitioner to prove that his failure to raise the issue in his first petition was not the result of intentional withholding or inexcusable neglect. E.g., Booker v. Wainwright, 764 F.2d 1371, 1376 (11th Cir.), cert. denied, 474 U.S. 975, 106 S.Ct. 339, 88 L.Ed.2d 324 (1985); In re Shriner, 735 F.2d 1236, 1240 (11th Cir.1984); Jones v. Estelle, 722 F.2d 159, 164 (5th Cir.1983), cert. denied, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984); see Woodard v. Hutchins, 464 U.S. 377, 379 n. 3, 104 S.Ct. 752, 753 n. 3, 78 L.Ed.2d 541 (1984) ("There is no affirmative evidence that the claims were deliberately withheld. But Hutchins has had counsel throughout the various phases of the case, and no explanation has been made as to why they were not raised until the very eve of the execution date.").
 
 
 19
 The issue was clearly foreseeable because by May 5, 1983, when petitioner filed his first federal habeas petition, the overlap issue had been litigated a number of times in the Alabama courts, and at first the defendants were successful with it. See, e.g., Nelson v. State, 405 So.2d 392, 400 (Ala.Cr.App.1980); Keller v. State, 380 So.2d 926, 936-37 (Ala.Cr.App.1979), cert. denied, 380 So.2d 938 (Ala.1980). Later, the Alabama Supreme Court and the Court of Criminal Appeals overruled those cases and held that it was not impermissible for a sentencing court to find and consider a statutory aggravating circumstance that overlapped with the capital offense definition in the case. The decision in Tarver v. State, 500 So.2d 1232, 1250 (Ala.Cr.App.), aff'd, 500 So.2d 1256 (Ala.1986), cert. denied, --- U.S. ----, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987), cites eight other cases, arising both under the 1975 statute and the 1981 statute, in which defendants unsuccessfully argued that the overlap of a statutory aggravating circumstance with the capital offense definition was impermissible. To the same effect are Floyd v. State, 486 So.2d 1309, 1315 (Ala.Cr.App.1984), aff'd, 486 So.2d 1321 (Ala.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1328, 94 L.Ed.2d 179 (1987), and Ex parte Grayson, 479 So.2d 76, 81 (Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985). Capital defendants in other states had recognized and raised the overlap issue, with varying degrees of success. E.g., State v. Taylor, 304 N.C. 249, 283 S.E.2d 761, 783-84 (1981), cert. denied, 463 U.S. 1213, 103 S.Ct. 3552, 77 L.Ed.2d 1398 (1983); State v. Cherry, 298 N.C. 86, 257 S.E.2d 551, 567-68 (1979), cert. denied, 446 U.S. 941, 100 S.Ct. 2165, 64 L.Ed.2d 796 (1980); State v. Goodman, 298 N.C. 1, 257 S.E.2d 569, 584-85 (1979); State v. Johnson, 298 N.C. 47, 257 S.E.2d 597, 622 (1979); People v. Kubat, 94 Ill.2d 437, 69 Ill.Dec. 30, 59, 447 N.E.2d 247, 276, cert. denied, 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983); State v. Pritchett 621 S.W.2d 127, 140-41 (Tenn.1981); and State v. Monroe 397 So.2d 1258, 1274 n. 6 (La.1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1411 (1983). In North Carolina at least, the prohibition against overlap was expressly premised on federal constitutional law grounds. See State v. Brown, 306 N.C. 151, 293 S.E.2d 569, 585-86, cert. denied, 459 U.S. 1080, 103 S.Ct. 503, 74 L.Ed.2d 642 (1982). It is, therefore, clear that the overlap issue was a widely recognized issue. The fact that this issue was not raised in the first habeas petition by petitioner's counsel who was well versed in the law pertaining to capital cases means, that the issue was either deliberately withheld, or that the failure to raise it was inexcusable neglect. In either event, abuse of the writ principles apply to bar the claim.
 
 
 20
 A change in the law which makes a new claim available for the first time after the earlier habeas petition was filed may excuse the failure to raise that claim in the first petition. See, e.g., Moore v. Kemp, 824 F.2d 847 (11th Cir.1987) (en banc).
 
 
 21
 Collins v. Lockhart, 754 F.2d 258 (8th Cir.), cert. denied, 474 U.S. 1013, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985), and other Eighth Circuit cases that petitioner cites cannot constitute "new law" in this Circuit to excuse petitioner's failure to raise the overlap claim in his 1983 habeas petition. Cases in the Eleventh Circuit, both before and after the Collins decision, clearly held the "overlap" claim does not rise to a constitutional level. See, e.g., Adams v. Wainwright, 709 F.2d 1443 (11th Cir.1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984); Porter v. Wainwright, 805 F.2d 930, 943 n. 15 (11th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 3196, 96 L.Ed.2d 683 (1987). See also Lindsey v. Smith, 820 F.2d 1137, 1153 (11th Cir.1987). The law of the Fifth Circuit is in accord. Moore v. Butler, 819 F.2d 517, 521 (5th Cir.1987) petition for cert. filed (June 8, 1987); Berry v. Phelps, 819 F.2d 511, 516-17 (5th Cir.1987) ("No circuit court has followed the Eighth Circuit decision in Collins, and we have expressly rejected it on several occasions.").
 
 
 22
 The recent grant of certiorari in Lowenfield v. Phelps, --- U.S. ----, 107 S.Ct. 3227, 97 L.Ed.2d 734 (1987), is not "new law," either. A grant of certiorari does not constitute new law. In Mulligan v. Kemp, 818 F.2d 746, 747-48 (11th Cir.1987), petition for cert. filed (May 15, 1987), this Court explained that the grant of certiorari in another case does not constitute new law for abuse of writ purposes, because "there is no decided case upon which to pass a new law claim." In Tucker (Richard) v. Kemp, 818 F.2d 749, 751 (11th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 2209, 95 L.Ed.2d 863 (1987), the court held that a grant of certiorari in another case involving the same or similar issue does not "sufficiently suggest that the 'new law' relevant to the present case is at hand" for successive petition or abuse of the writ purposes. Accord, Moore v. Blackburn, 806 F.2d 560, 565 (5th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1988, 95 L.Ed.2d 827 (1987). The Eleventh Circuit pointed out in Tucker (Richard) v. Kemp, 818 F.2d 749, that this is especially true where certiorari has been granted on two issues, only one of which is present in the case at hand. That is the situation here, because certiorari was granted in Lowenfield on two issues, only one of which involved the overlap question. See 107 S.Ct. 3227.
 
 
 23
 The "ends of justice" do not require that the abuse of the writ be excused under the standard set forth in Moore v. Kemp, 824 F.2d 847 (11th Cir.1987). Whether the "colorable showing of factual innocence" formulation of the four member plurality in Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) is the test, or the test is whether the alleged error precluded the development of true facts or resulted in the admission of false ones on a material question involving the sentence, the result is the same. Petitioner is a confessed robber-murderer who committed multiple violent felonies in a multi-state crime spree. He not only admitted his guilt, he boasted about it. Instead of asking to be spared, petitioner demanded the death penalty and threatened to harm the jurors if he did not get it. The overlap of one of the four statutory aggravating circumstances with the capital offense definition did not preclude the development of any true facts or result in the admission of any false facts regarding any sentence questions, whether material or not. The facts concerning the robbery were fully admissible at both the guilt and sentence stages of petitioner's trial, irrespective of whether any of the statutory aggravating circumstances overlap with the capital offense definition.
 
 
 24
 The denial of relief on the ground of abuse of the writ is due to be affirmed. Although we do not get to the merits of this claim, we have noted above that the law of this circuit is contrary to petitioner's contention. See Adams v. Wainwright, 709 F.2d 1443. We also note that although the Supreme Court granted certiorari in Lowenfield, it has denied a stay of execution in at least two capital cases that alleged the Lowenfield issue. See, e.g., Watson v. Butler, --- U.S. ----, 108 S.Ct. 236, 97 L.Ed.2d ----, (1987); Celestine v. Butler, --- U.S. ----, 108 S.Ct. 6, 97 L.Ed.2d 796 (1987). In Lowenfield, apparently the only aggravating circumstance was included in the crime definition. 817 F.2d 285. In the other cases, apparently as in this case, there were aggravating circumstances in addition to the one included in the definition of the crime.
 
 II. Ineffective Assistance of Counsel Issue
 
 25
 In his second claim, petitioner argues that his trial attorney's failure to advocate a life sentence during the sentencing phase constituted ineffective assistance of counsel, notwithstanding the fact that petitioner himself had insisted upon this approach.
 
 
 26
 We conclude that petitioner's failure to raise this claim in his original 1983 habeas petition constitutes an abuse of the writ. Obviously all of the relevant facts were known in 1983. We also reject petitioner's claim that there is no abuse because the issue is a novel legal issue. The right to effective assistance of counsel, and the duty of counsel to perform in a fully adversarial role has long been well established. We agree with the district court that petitioner's present claim is merely a variation of law that was well established at the time of the 1983 proceedings. The ends of justice can provide no exception in this case to the application of the abuse of the writ doctrine. The trial attorney could not prevent Ritter from testifying. Ritter's testimony--which admitted all of the relevant facts, evidenced no remorse, affirmatively sought the death penalty, and threatened harm to the jurors should they fail to return a death sentence--would have undermined any defense which the attorney might have presented. Under these circumstances, we are confident that the "ends of justice" concept does not warrant an exception to the abuse doctrine.
 
 III. Conclusion
 
 27
 Although we GRANT the petition to proceed in forma pauperis, since both claims raised by petitioner are barred by the abuse of the writ doctrine, and since this issue would not be debatable among jurists of reason, we conclude the petitioner's application for a certificate of probable cause should be DENIED.
 
 
 28
 Accordingly, petitioner's emergency motion for a stay of execution is DENIED.