[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2008
THOMAS K. KAHN
CLERK

No. 07-12481
Non-Argument Calendar

_____

D. C. Docket No. 06-00084-CR-001-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO VAZQUEZ AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 22, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Rogelio Vazquez Aguilar appeals his 60-month sentence, imposed following his guilty plea to one count of illegally re-entering the United States after being deported, a violation of 8 U.S.C. § 1326(a) & (b). Although the advisory

Guidelines range in this case was 15 to 21 months, the district court instead sentenced Aguilar to a term of 60 months. In doing so, the court first properly calculated the applicable Guidelines range, and then it opined that a variance was appropriate under 18 U.S.C. § 3553(a), given Aguilar's history of repeatedly entering the United States illegally. On appeal, Aguilar raises the following claims: (1) the district court erred by not giving him advance notice of its intent to impose an upward variance from the Guidelines range, and (2) the district court provided an inadequate statement of reasons for imposing an upward variance, as required by 18 U.S.C. § 3553(c). After careful review, we affirm.

We review a defendant's ultimate sentence for reasonableness. United States v. Booker, 543 U.S. 220, 264 (2005); United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Under the post-Booker, advisory Guidelines regime, district courts enjoy significant latitude in imposing criminal sentences. Rita v. United States, 127 S. Ct. 2456, 2465 (2007); see also Gall v. United States, 128 S. Ct. 586, 594 (2007). The reasonableness standard of appellate review is akin to abuse of discretion. See Gall, 128 S. Ct at 594 ("Our explanation of 'reasonableness' review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."); Kimbrough v. United States, 128 S. Ct. 558, 576 (2007)

2

(stating that appellate courts should give "due respect to [a] District Court's reasoned appraisal" of the proper sentence for a defendant).

The facts relevant to Aguilar's sentencing arguments are these. On February 1, 2007, in a superseding information, Aguilar was charged with one count of illegally reentering the United States without permission, after previously being deported, a violation of 8 U.S.C. § 1326 (a) & (b). He pled guilty and proceeded to sentencing.

According to the presentence investigation report (PSI), in 1998, Aguilar was convicted on one count of possession of cocaine and sentenced to a 12-month term of imprisonment, which was suspended upon his deportation in December of that year. He subsequently was detained by INS officials in 2000, after being found unlawfully present in the country. The following year, he was convicted on one count of being unlawfully present in the United States after deportation and was sentenced to 6 months' imprisonment. He again was deported in June of 2001.

At some point thereafter, Aguilar returned to the country, again without permission. In 2002, he entered a "no contest" plea to state charges for driving under the influence and failure to drive in a single lane, and was sentenced by a state court judge to 60 days in jail. Later that same year, in July of 2002, Aguilar was arrested for possession with intent to distribute cocaine and possession of less

than one ounce of marijuana. In July of 2004, he pled guilty to both charges and was sentenced to a total sentence of 12 years' imprisonment. He was paroled on November 2, 2006.

While Aguilar was serving his sentence for the 2004 drug convictions, an Immigration and Customs Enforcement ("ICE") agent encountered Aguilar at the prison. A federal grand jury subsequently indicted Aguilar on one count of illegally re-entering the United States after being convicted of an aggravated felony. That indictment was subsequently replaced by a superseding information charging Aguilar with illegal re-entry, but not as an aggravated felon, in violation of 8 U.S.C. § 1326 (a) & (b).

Pursuant to U.S.S.G. §2L1.2, the PSI assigned Aguilar a base offense level of 8 and recommended a 4-level increase, under § 2L1.2(b)(1)(D), relying on Aguilar's July 2004 felony drug convictions. After a 2-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility, Aguilar's adjusted offense level was 10. With a criminal history category IV, Aguilar faced a Guidelines sentencing range of 15 to 21 months' imprisonment. The PSI did not identify any factors warranting either a departure or a variance from that range. Neither party objected to the calculations of the PSI, and it was adopted by the district court.

At the sentencing hearing, Aguilar spoke on his own behalf, stating the

following: "The reason I've been coming back is because I know nothing about Mexico. But, you know, now that I know if I come back and I get all this time, I have no choice but to stay in Mexico. The other times that I have been back is because I know nothing else." After Aguilar's statement, the court observed that he had an offense level of 10 and a criminal history IV, and it identified the Guidelines range as 15 to 24 months. The court then stated that "the guideline range in this case does not reflect what's actually going on here. Mr. Aguilar has convictions for possession of cocaine, for possession with intent to distribute cocaine, and possession of less than one [ounce] of cocaine." The court further noted that Aguilar had illegally re-entered the United States twice after deportation.

The district court then stated that it would vary Aguilar's sentence "based on the provisions of 18 U.S.C. § 3553(a) and his criminal record as I've recited it and his history of returning to the United States." The court then imposed a 60-month term of imprisonment, followed by 3 years' supervised release. The district court subsequently filed a written statement of reasons for sentencing outside of the guideline range. In that statement, the court identified the following § 3553(a) factors: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (§ 3553(a)(2)(A)); (2) to afford

5

adequate deterrence to criminal conduct (§ 3553(a)(2)(B)); and (3) to protect the public from further criminal conduct (§ 3553(a)(2)(C)). This appeal followed.

Pursuant to Rule 32(h) of the Federal Rules of Criminal Procedure, a sentencing court is required to give a defendant reasonable notice that it is considering a departure from the applicable guideline range on a ground not identified for departure either in the PSI or in a party's prehearing submission. It is undisputed that the district court below did not give prior notice that it was contemplating an outside-the-guidelines sentence. It is also not disputed that Aguilar's sentence was an upward variance, rather than an upward departure, from the Guidelines range. Cf. United States v. Eldick, 443 F.3d 783, 788 n. 2 (11th Cir. 2006) (identifying two factors in determining whether a decision to sentence a defendant above the Guidelines range is a departure or a variance: (1) whether the sentencing court cited to a specific departure provision in the guidelines, and (2) whether the court noted the inadequacy of the guidelines range).

We are unpersuaded by Aguilar's first argument, that he was entitled to advance notice of the possibility that the district court would impose a variance. We have held that the notice requirement of Rule 32(h) does not apply to a variance under § 3553(a). See United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006) ("after Booker, parties are inherently on notice that the sentencing

6

guideline range is advisory and that the district court must consider the factors expressly set out in section 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum"), cert. granted, 2008 WL 54345 (U.S. Jan. 4, 2008) (No. 06-7517).[1]  Pursuant to Irizarry, because the district court, in choosing to increase Aguilar's sentence, expressly did so as a variance under § 3553(a), Rule 32(h) does not apply and Aguilar was not entitled to advance notice.

Aguilar also challenges the adequacy of the district court's reasons for the upward variance.  After Booker, sentencing review requires two steps: first, we must ensure that the district court committed no significant procedural error, and second, we must consider the substantive reasonableness of the sentence imposed. See Gall, 128 S. Ct. at 597; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  The reasonableness standard is not applied to each individual decision made during the sentencing process.  Rather, we consider the reasonableness of the ultimate sentence imposed in light of the § 3553(a) factors.  United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006), cert. denied, 127 S. Ct. 2953 (2007).

---

[1] The Supreme Court's recent grant of certiorari in Irizarry does not affect our obligation to follow prior decisions of this Court. See Robinson v. Crosby, 358 F.3d 1281, 1284 (11th Cir. 2004) ("[T]he grant of certiorari alone is not enough to change the law of this circuit or to justify this Court in granting a stay of execution on the possibility that the Supreme Court may overturn circuit law."); Ritter v. Thigpen, 828 F.2d 662, 665-66 (11th Cir. 1987) ("A grant of certiorari does not constitute new law."); Thomas v. Wainwright, 788 F.2d 684, 689 (11th Cir.1986) ("[A]ny implications to be drawn [from a grant of certiorari in another case] may be discerned by application to the Supreme Court.") (citation omitted).

Our reasonableness review is deferential, and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in § 3553(a)." Talley, 431 F.3d at 788. The party challenging the sentence "bears the burden of establishing that the sentence was unreasonable in light of [the] record and the factors in section 3553(a)." Id.

In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

For adequate appellate review, when a district court varies a sentence under 18 U.S.C. § 3553(a), subsection (c) requires the court to state its reasons for the variance. The brevity or length of such a statement depends upon the circumstances of each particular case. See Rita, 127 S. Ct. at 2467. "The law

8

leaves much, in this respect, to the judge's own professional judgment . . . the sentencing judge should articulate enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." Id. at 2467-8. Moreover, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Aguilar's sentence, although significantly above the Guidelines range, was still five years below the 10-year statutory maximum he faced. 8 U.S.C. 1326(b)(4). We have held that a district court, in determining a sentence, may properly consider a defendant's record of illegal re-entries into the United States, United States v. Castrillon-Gonzalez, 77 F.3d 403, 406-407 (11th Cir. 1996) (affirming upward departure based, in part, on district court's consideration of "defendant's multiple prior illegal entry and re-entries into the United States as an adult, and his repeated failure to comply with administrative orders not to reenter the country without permission"), as well as prior convictions properly noted in the PSI. See United States v. Williams, 438 F.3d 1272, 1273 (11th Cir. 2006) (holding that "it was not error to enhance Williams' sentence on the basis of prior convictions properly noted in the PSI"). Because the factors relied on by the district court were adequately raised and considered at the sentencing hearing, as

well as listed in the statement of reasons subsequently submitted by the court, and because we have approved the very factors considered by the district court here, we cannot say the district court abused its discretion in imposing a 60-month sentence. Accordingly, Aguilar has not satisfied his burden to show his sentence was not reasonable.

**AFFIRMED.**