[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11104
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20419-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON PERAZA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 9, 2018)

Before TJOFLAT, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Jason Peraza appeals his 120-month sentence, imposed after he was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  He argues that the District Court erred in designating him as a career offender.  First, he argues that his two prior convictions for possession with intent to distribute marijuana under Fla. Stat. § 893.13 do not qualify as controlled substance offenses because the statute's definition of marijuana is broader than the federal definition in the Controlled Substances Act ("CSA"), and because Florida's statute requires no *mens rea*.  Second, he argues that his prior robbery conviction under Fla. Stat. § 812.13 does not qualify as a crime of violence because it does not require violent physical force.  Because our precedent clearly establishes that prior convictions under Fla. Stat. § 893.13 and § 812.13 both count towards career offender status under the Sentencing Guidelines, we affirm.

We review *de novo* whether a defendant qualifies as a career offender. *United States v. Pridgeon*, 853 F.3d 1192, 1198 n. 1 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 215 (2017).  Under the 2016 version of the Sentencing Guidelines that was in effect at the time of Peraza's sentencing, a defendant is a career offender if: (1) he was at least 18 years old at the time of the instant offense; (2) the instant

2

offense is a crime of violence or a controlled substance offense; and (3) he has at least two prior crime of violence or controlled substance offense convictions.  U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2016). Peraza does not dispute that he meets the first two criteria.  For the third criterion, the District Court found that Peraza had two prior convictions for controlled substance offenses and one prior conviction for a crime of violence.  We address each finding in turn.

## I.  Controlled Substance Offenses

The Sentencing Guidelines define a controlled substance offense in § 4B1.2(b):

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

Peraza has two prior convictions for possession with intent to distribute marijuana under Fla. Sta. § 893.13.[1]  We have held that a conviction under § 893.13 is a controlled substance offense for the purposes of the Sentencing Guidelines.

---

[1] In relevant part, § 893.13 states "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  Fla. Stat. § 893.13(1)(a).

3

*Pridgeon*, 853 F.3d at 1198; *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).

Nevertheless, Peraza maintains that his convictions do not qualify as controlled substance offenses for two reasons.  First, he asserts that the term controlled substance must be defined as set out in the CSA, and Florida defines "marijuana" more broadly than the CSA does.[2]  Thus, under the categorical approach, where courts look to whether any violation of the underlying statute would qualify as a predicate offense, a marijuana conviction under Florida law cannot be a controlled substance offense under § 4B1.2(b).  Second, Peraza argues that because § 893.13 does not have a *mens rea* element requiring knowledge that the substance is illegal, it is a strict liability statute, and the Supreme Court prohibited strict liability crimes from serving as predicate offenses in *Begay v. United States*, 553 U.S. 137 (2008).

Our precedent forecloses both arguments.  We have twice held that § 893.13 is a controlled substance offense under § 4B1.2(b).  *Pridgeon*, 853 F.3d at 1198; *Smith*, 775 F.3d at 1268.  Under the prior panel precedent rule, we are bound by our prior decisions "unless and until [they are] overruled or undermined to the

---

[2] Specifically, Peraza claims that Florida defines marijuana to include all parts of the marijuana plant, while the CSA excludes the "mature stalks" and their byproducts from its definition of marijuana.  *Compare* Fla Stat. § 893.02(3), *with* 21 U.S.C. § 802(16).  In other words, Florida criminalizes the possession of hemp, but it is not against federal law to possess imported hemp.

point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  And there is no overlooked argument exception to the rule.  *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015); *see also Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006) ("A prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel.").  Peraza points to no case abrogating or overruling our prior decisions.  At most, he identifies arguments he thinks we overlooked.  Thus, we are bound by our decisions in *Pridgeon* and *Smith*, and Peraza's two convictions under § 893.13 count as controlled substance offenses and are sufficient to qualify him as a career offender.

## II. Crime of Violence

Under the Sentencing Guidelines, a crime of violence is "any offense under federal or state law" that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another[;] or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material.

§ 4B1.2(a).  The first clause is referred to as the "elements clause," and the second clause is referred to as the "enumerated offenses clause."  Peraza has a prior conviction for robbery under Fla. Sta. § 812.13, which defines robbery as:

5

the taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault or putting in fear.

The Florida Standard Jury Instructions further explain that the taking referred to "must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist."[3]  Fla. Std. Jury Instr. (Crim.) 15.1.

We have repeatedly held that § 812.13 qualifies as a crime of violence or its equivalent.  In *United States v. Lockley*, we determined that a conviction under § 812.13 qualifies as a crime of violence under both § 4B1.2(a)'s elements clause and its enumerated offenses clause.  632 F.3d 1238, 1244–45 (11th Cir. 2011).  And, in *United States v. Fritts*, we extended *Lockley* and held that a conviction under § 812.13 also qualifies as a violent felony under the Armed Career Criminal Act's elements clause.[4]  841 F.3d 937, 942 (11th Cir. 2016).  We specifically rejected the argument that the commission of a robbery in Florida did not require violent force.  *See id.* at 942–43.

---

[3] These instructions reflect the Florida Supreme Court's decision in *Robinson v. State*, 692 So.2d 883 (Fla. 1997).

[4] The ACCA contains the same elements clause for whether a prior conviction qualifies as a violent felony as is found in the Sentencing Guidelines.  *See Fritts*, 841 F.3d at 940 n.4.  For this reason, cases interpreting one are often used to interpret the other.  *Id.*

Peraza simply argues that our precedent was wrongly decided.  Again, we are bound to follow our precedent "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."[5] *Archer*, 531 F.3d at 1352.  Thus, his argument is foreclosed by our precedent, and we find that § 812.13 qualifies as a crime of violence that counts towards Peraza's career offender status.

**AFFIRMED.**

---

[5] The Supreme Court recently granted a petition for certiorari to answer whether a state robbery offense, such as § 812.13, that has as an element "overcoming victim resistance" qualifies as a violent felony under the ACCA.  *See Stokeling v. United States*, 684 F. App'x. 870 (11th Cir. 2017), *cert. granted*, 138 S.Ct. 1438 (2018).  But a grant of a petition for certiorari does not overturn or abrogate our precedent.  *See Ritter v. Thigpen*, 828 F.2d 662, 665–66 (11th Cir. 1987) ("A grant of certiorari does not constitute new law.").  Even if the Supreme Court decides that § 812.13 does not satisfy the elements clause, we held in *Lockley* that it satisfies the enumerated offenses clause as well.  632 F.3d at 1244–45.  Furthermore, Peraza independently qualifies as a career offender even without the prior robbery conviction because of his two prior controlled substance offenses.  *See supra* Part.I.